IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
JOHN R. DALEY, JR.,                :
a/k/a John Pickering-George,       :
John T. Piquin-George, and         :
John T. George,                    :
                                   :
          Petitioner,              :
                                   :
                                   :
               v.                  : Civil Action No. 09-218-JJF
                                   :
U.S. DISTRICT COURT DISTRICT       :
OF DELAWARE, U.S. DISTRICT         :
COURT SOUTHERN DISTRICT OF         :
TEXAS, and UNITED STATES           :
ATTORNEY OFFICES,                  :
                                   :
          Respondents.             :
```

John R. Daley, Jr., Pro se Petitioner.  Bronx, New York.

**MEMORANDUM OPINION**

June 24, 2009
Wilmington, Delaware

Joseph J. Farnan Jr.
Farnan, District Judge

Petitioner John R. Daley, Jr. ("Petitioner"), filed this action seeking injunctive and declaratory relief, complaining of dismissal of his case seeking return of the monies seized by the Drug Enforcement Administration ("DEA"). He appears pro se and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1, 4.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

Petitioner filed a civil rights Complaint in the United States District Court for the Southern District of Texas ("Texas District Court") in 2004, Civil Action No. N-04-1914. The case was dismissed with prejudice on May 21, 2004, and final judgment entered. Petitioner complains that the case was dismissed without notice or hearing and before the issuance of warrants seizing real property. The action concerned $300,000 seized by the DEA in June/July 1991. Petitioner sought return of the $300,000 plus $14,890 in interest and attorneys' fees. The Texas District Court dismissed the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the statute of limitations and as frivolous. Daley v. United States Drug Enforcement Agency, Civil Action No. N-04-1914 (S.D. Tx. May 24, 2004). The

2

Court takes judicial notice that Petitioner appealed the dismissal of Civ. No. N-04-1914 and that the appeal was dismissed for want of prosecution. <u>Daley v. The United States (DEA) Drug Enforcement Administration</u>, No. 07-20412 (5th Cir. July 10, 2007).

Petitioner's belief that discovery would prove that his Complaint was neither frivolous nor failed to state a claim appears to have precipitated the filing of this Complaint. Indeed, as relief he seeks discovery, disclosure of records, and in-camera inspection of documents. The current Complaint refers to the $14,890 amount, but not the $300,000 amount. It contains multiple pages of case and statutory citations, apparently in an effort to support Petitioner's claims.

## II.  STANDARD OF REVIEW

When a litigant proceeds <u>in</u> <u>forma</u> <u>pauperis</u>, 28 U.S.C. § 1915 provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. <u>Courteau v. United States</u>, 287 F. App'x 159, 162 (3d Cir. 2008) (not

reported). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Petitioner. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Petitioner is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 551 U.S. at 556 n.3). Therefore, "'stating

4

. . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 551 U.S. at 556 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234.  Because Petitioner proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

Initially, the Court notes that Respondents are immune from suit.  It is well-settled that the federal government and federal agencies are immune from suit absent a waiver of sovereign immunity.  See e.g., Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (citation omitted). Here, Petitioner sues non-specific United States Attorneys' Offices which fall under the umbrella of the Department of Justice, and two United States District Courts, judicial branches of the United States government.  Because the United States has

not waived sovereign immunity in this case, this Court lacks subject matter jurisdiction over claims against Defendants.

The Court further finds that the complaint is malicious. A complaint is malicious when it "duplicates allegations of another [ ]federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Service, No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

In this case Petitioner seeks the return of monies seized by DEA agents. His lawsuit in the Texas District Court raised essentially the same claim. Not content with its dismissal, he now complains that the Texas District Court erred in dismissing his claim. Petitioner's current filing arises out of a common nucleus operative facts, and falls squarely in the category of malicious litigation. As noted, the Texas case was dismissed with prejudice as time-barred and frivolous, and Petitioner failed to prosecute his appeal of the dismissal. Therefore, the

Court will dismiss the Complaint as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## IV. CONCLUSION

For the above reasons, the Complaint will be dismissed as Respondents are immune from suit and as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.